IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States, ) | |
| ) | C/A No. 7:11-2363-TMC |
| v. ) | |
| ) | **OPINION & ORDER** |
| Sharon Burgess Wynn, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Sharon Burgess Wynn's ("Wynn's") motion for a reduction in her sentence. (ECF No. 198)[1]. Wynn seeks to reduce her sentence and asserts the court failed to take into account her cooperation with the Government, despite the fact the Government did not file a motion for downward departure pursuant to *USSG § 5 K 1.1*. For the reasons stated below, Wynn's motion is denied.

Wynn pled guilty to Count I of a four count indictment and was sentenced to 46 months imprisonment for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to the terms of a written plea agreement, at the sentencing hearing, Counts 2 and 4 of the indictment were dismissed on motion of the government. No direct appeal of the conviction or sentence was filed.

Pursuant to the United States Advisory Sentencing Guidelines, Wynn's guideline range was 60 to 71 months imprisonment. Wynn filed two objections to the Pre-Sentence Investigation Report. In her first objection, Wynn asserted she

---

[1] Wynn was represented by counsel at all stages of her case. She wrote a letter addressed to the court, which, in accordance with custom and practice in this District, was docketed as a motion.

should be eligible to receive the benefit of the "safety-valve" provisions of 18 U.S.C. § 3553(f).  The Government responded that pursuant to U.S.S.G. § 5C1.2(a), Wynn would not be entitled to receive the benefit of this provision due to her failure to truthfully provide all information and evidence she had concerning the offense or offenses that were part of the same course of conduct set forth in the indictment. (ECF No. 132-1).

At sentencing, the Government agreed to allow Wynn to receive the benefit of the "safety-valve" provisions, which resulted in a two level reduction in her offense level and reduction her advisory guideline imprisonment range to 46 to 57 months.  As noted, Wynn received a sentence on the low end of the guideline range.

Further, at sentencing, the court received and reviewed information from both Wynn and the Government relating to the relevant sentencing factors in 18 U.S.C. § 3553(a) and carefully considered all of the information presented, including information relating to the extent of Wynn's cooperation with the government.

Wynn cites *United States v. Robinson*, 741 F.3d 588 (5th Cir. 2014), in support of her motion to reduce her sentence.  (ECF No. 198 at 1-2).  In *Robinson,* the Fifth Circuit Court of Appeals held that a sentencing court has the power to consider a defendant's cooperation under 18 U.S.C.§ 3553(a) in the absence of a §

5K1.1 motion, and that the sentencing court had committed procedural error by failing to consider the defendant's motion for a below-guidelines sentence based on cooperation with the Government. The court finds *Robinson* is not a controlling precedent in this circuit and, moreover, is inapplicable to the facts of this case. Here, as set out above, the court clearly recognized its authority to consider a departure. Accordingly, the Motion to Reduce Sentence (ECF No. 198) is **DENIED**.

    **IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

September 25, 2014  
Anderson, South Carolina